1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES WEAVER,<br><br>                        Plaintiff,<br><br>        v.<br><br>CITY OF SANTA CLARA, a municipal<br>corporation; KEVIN R. KYLE, individually and<br>in his capacity as CHIEF OF POLICE FOR THE<br>CITY OF SANTA CLARA POLICE<br>DEPARTMENT,<br><br>                        Defendants. | Case No.: 5:12-cv-6334-PSG<br><br>**ORDER DENYING MOTION FOR<br>LEAVE TO AMEND AND<br>GRANTING-IN-PART<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 21, 22)** |

This dispute stems from an incident involving Plaintiff James Weaver and a K-9 police dog. Defendants City of Santa Clara and Kevin R. Kyle move for summary judgment on all claims, and Weaver seeks leave to amend his complaint to join the individual officers involved in the incident. Having considered the papers and arguments of counsel, the court GRANTS-IN-PART the motion for summary judgment and DENIES the motion for leave to amend.

## I.    BACKGROUND

### A.  The September 24, 2011 Incident

This case presents a classic question of fact as to the actual events of September 24, 2011. It is agreed that in the wee hours of the morning, the police were searching for a fleeing felon, they accidentally found Weaver, and at some point, dog bit man.

1

That, however, is the end of the accepted facts.  According to Weaver's deposition, he woke up quickly when he heard the police yelling in his direction.  He stood up, raised his hands, and came out from the bushes.  The police then told him to lie down on the ground, handcuffed him, and only after he was handcuffed was the dog released.  The police officers remember it differently.  They claim that they repeatedly asked the figure in the bushes to come out, and when he did not, they sent the dog in to "bite and hold" him in place until the officers could secure him.  Weaver later brought this suit.

**B. Discovery**

On March 19, 2013, the parties met with the court for a case management conference and agreed on dates to steer the progression of the case.[1]  These dates were then solidified in the court's April 11 Scheduling Order, establishing June 11, 2013 as the final date to join additional parties and November 8, 2013 as the cutoff for fact discovery.[2]  Despite these deadlines, Weaver's counsel did not serve any form of written discovery and delayed noticing or conducting depositions until the very end of the discovery period.[3]

On November 11, 2013, three days after the close of fact discovery, Weaver's counsel took the deposition of Officer Nathan Crescini, who handled Jax on the night in question.[4]  Several of Crescini's statements in his deposition lead Weaver's counsel to believe that there may be additional evidence somewhere that may help his client's case.[5]  Accordingly, counsel now requests leave to conduct additional discovery under Fed. R. Civ. P. 56(d), as well as leave to amend his complaint to include additional parties.

---

[1] *See* Docket No. 14.

[2] *See* Docket No. 15.

[3] *See* Docket No. 37 at 3.

[4] *See* Docket No. 29 at 10.

[5] *See id.* at 10-12.

Case No.: 5:12-cv-6334-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## II.      LEGAL STANDARDS

### A.  Leave to Amend

When a scheduling order has been issued with deadlines for amending the pleadings and that deadline has passed, a plaintiff first must comply with Fed. R. Civ. P. 16(b)(4) to modify the scheduling order to allow for late amendments.[226]  Fed. R. Civ. P. 16(b)(4) requires a "good cause" showing. The focus of the good cause inquiry in the Rule 16(b) context is the "diligence of the party seeking the modification," in particular whether the party was "diligent in assisting the [c]ourt to create a workable schedule at the outset of litigation," whether "the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply" and whether the party was "diligent in seeking the amendment once it became apparent that extensions were necessary."[7]

### B.  Summary Judgment

Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]  There are two distinct steps to a motion for summary judgment.  The moving party bears the initial burden of production by identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a triable issue of material fact.[9]  Where the moving party has the burden of proof at trial, he must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."[10]  If the moving party does not bear the burden of proof at trial, however, he may satisfy his

---

[6] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

[7] *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, Case No. 11-cv–2243-CW, 2012 WL 3877783, at *6 (N.D.Cal. Sept. 6, 2012) (citing *Johnson*, 975 F.2d at 609).

[8] Fed. R. Civ. P. 56(a).

[9] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10] *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007)

Case No.: 5:12-cv-6334-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

burden of proof either by proffering "affirmative evidence negating an element of the non-moving party's claim," or by showing the non-moving party has insufficient evidence to establish an "essential element of the non-moving party's claim."[11]  If the moving party meets its initial burden, the burden of production then shifts to the non-moving party, who must then provide specific facts showing a genuine issue of material fact for trial.[12]  A material fact is one that might affect the outcome of the suit under the governing law.[13]  A dispute is "genuine" if the evidence is such that reasonable minds could differ and find for either party.[14]

At this stage, the court does not weigh conflicting evidence or make credibility determinations.[15]  Thus, in reviewing the record, the court must construe the evidence and the inferences to be drawn from the underlying evidence in the light most favorable to the non-moving party.[16]

### III.    DISCUSSION

**A. Motion to Amend**

The only "good cause" evidence offered by Weaver to amend the schedule is that he was not aware of the names of the individual officers involved in the incident until October 21, 2013.  If the evidence bore out this claim, it might meet the required standard, but it does not.  Counsel acknowledged in court that the names in question were turned over well before that date, and he

---

[11] *Celotex*, 477 U.S. at 331.

[12] *See id.* at 330; *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 630, 630 (9th Cir. 1987).

[13] *See Anderson*, 477 U.S. at 248.

[14] *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

[15] *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

[16] *See Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Case No.: 5:12-cv-6334-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

offered no explanation for his failure to move to amend within the allotted time. Instead, he simply urges the court to consider whether defendants would suffer much prejudice from an amendment to add additional parties.

The court, however, is not at liberty to disregard a requirement of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 16(b) requires a showing of good cause to modify a scheduling order, and there has been no such showing here. Weaver's motion for leave to amend therefore must be DENIED. As it stands, then, the complaint alleges eight causes of action against two defendants: the City of Santa Clara and the Chief of Police.

## B. Summary Judgment: Section 1983 Claims

As described above, there is a clear dispute as to the actual events of the incident in question, and this dispute would ordinarily defeat a motion for summary judgment. However, Weaver's first cause of action, his gateway into federal court, is a claim under 42 U.S.C. § 1983. In order to hold a municipality liable for the actions of its officers under Section 1983, a plaintiff must put forth evidence establishing that the officers acted pursuant to an unconstitutional county policy or custom.[17] Similarly, liability may only be imposed on a supervising officer if they played an affirmative part in the deprivation of constitutional rights, such as setting in motion a series of acts which were likely to inflict constitutional injuries.[18]

The only such action or policy that Weaver has identified is the use of "Find and Bite" training in lieu of an alternative "Find and Alert" system used in some jurisdictions. The Ninth Circuit, however, has expressly approved of similar programs.[19] Because there is no evidence of an

---

[17] *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) (*citing Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978)).

[18] *See Graves v. City of Coeur D'Alene*, 339 F.3d 828, 848 (9th Cir. 2003); *see also Larez v. City of Los Angeles*, 946 F. 2d 630, 646 (9th Cir. 1991).

[19] *See Miller v. Clark County*, 340 F.3d 959 (9th Cir. 2003).

5

Case No.: 5:12-cv-6334-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**United States District Court**
For the Northern District of California

unconstitutional policy before the court, Weaver's claims under Section 1983 are dismissed and Defendants' motion for summary judgment is GRANTED.

### C. Summary Judgment: State Law Claims

Defendants also seek summary judgment on Weaver's state law claims because the claims are barred by immunity under California Government Code § 820.2 and 815(b).  Gov. Code Section 820.2 states that "a public employee is not liable for any injury resulting from his act or omission where the act or omission as the result of the exercise of the discretion vested in him, whether or not such discretion was abused," and Section 815(b) exempts public entities from liability where its employees enjoy immunity from liability.  However, numerous courts, including the Ninth Circuit, have held that Section 820.2 does not immunize police officers from liability where the underlying claim stems from the use of excessive force, as they do here.[20] If the individual officers had been properly joined in this case, Section 820.2 would not grant them immunity here.  Because the officers would not be entitled to immunity under Section 820.2, the municipality cannot claim immunity under Section 815(b).[21]

Finally, Defendants present only one argument on the merits of one state law claim.  They cursorily state that there was no violation of the Bane Act because there was no violation of constitutional rights, given that the officers were reasonable in suspecting Weaver to be their fleeing felon.[22]  However, viewing the evidence in the light most favorable to the non-moving

---

[20] *See, e.g.,  Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007); *Baglieri v. City of San Francisco*, Case No. 10-cv-00284-MEJ, 2011 WL 62224 (N.D. Cal. Jan. 7, 2011); *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (2013).

[21] Defendants' papers do not make clear whether they are seeking immunity for Police Chief Kyle in addition to the city, but if so, they cite no evidence or legal authority to support such a finding. Because the moving party bears the burden of production on a motion for summary judgment, the court DENIES the motion as to Chief Kyle's immunity. *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[22] *See* Docket No. 23 at 16.

Case No.: 5:12-cv-6334-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

party, a reasonable jury could plainly find that Weaver's constitutional rights were violated if it believed that he was handcuffed and on the ground before a dog was released on his person.

Because the court finds that the City of Santa Clara is not entitled to immunity under Government Code Section 815(b) and Defendants have failed to produce any other evidence demonstrating the paucity of triable issues on Weaver's state law claims, Defendants' motion for summary judgment is DENIED as to all state law claims.

## IV.   CONCLUSION

Weaver's motion for leave to amend is DENIED. Defendants' motion for summary is also DENIED as to all state law claims but GRANTED as to Weaver's Section 1983 claims.

**IT IS SO ORDERED.**

Dated: January 6, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 5:12-cv-6334-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT