UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES WEAVER,<br><br>              Plaintiff,<br>     v.<br><br>CITY OF SANTA CLARA, *et al,*<br><br>              Defendants. | Case No. 5:12-cv-06334-PSG<br><br>**ORDER ALLOWING CLAIM UNDER CALIFORNIA CIVIL CODE § 52.1 TO PROCEED AGAINST CHIEF KEVIN R. KYLE IN HIS OFFICIAL CAPACITY** |

At Thursday's final status conference, it became clear that there was a disagreement as to whether or not the Bane Act claim in this case has survived for a jury to consider. Defendants the City of Santa Clara and Chief of Police Kevin R. Kyle argue that it has not, as the only defendant against whom it is plead is Chief Kyle, and Chief Kyle could not have committed the acts in question as he was not present at the incident. Plaintiff James Weaver, however, argues that it should survive, if not in its current form than under an amended theory. Having reviewed the papers submitted by the parties and performed extensive research of its own, the court now holds that Weaver's Bane Act claim may proceed against Chief Kyle in his official capacity.

Weaver offers three ways that the Bane Act claim may proceed. First, he again begs leave of the court to amend his complaint to replace the various "Doe" defendants with named officers.[1]

---

[1] *See* Docket No. 92 at 2.

1

Case No. 5:12-cv-06334-PSG
ORDER ALLOWING CLAIM UNDER CALIFORNIA CIVIL CODE § 52.1 TO PROCEED
AGAINST CHIEF KEVIN R. KYLE IN HIS OFFICIAL CAPACITY

The court considered and rejected this argument at the summary judgment phase in January,[2] and there is no compelling reason to revisit that holding now.

Next, Weaver asks for leave to amend the Bane Act claim to include the City of Santa Clara, which is already a party to other claims in this suit.[3] However, under Rule 16 of the Federal Rules of Civil Procedure, the court may not grant leave to amend outside the bounds of the scheduling order except in cases of "manifest injustice" and even then, only when the moving party has demonstrated diligence and "good cause." Here, Weaver has offered no explanation other than carelessness for his failure to amend the complaint or name the city earlier, and "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[4]

Finally, Weaver argues that the claim should be allowed to proceed under a respondeat superior theory against Chief of Police Kevin R. Kyle, who has been named in the complaint and the cause of action since it was filed.[5] This argument has merit. The Supreme Court has long held that "state officers sued for damages in their official capacity . . . assume the identity of the government that employs them."[6] "As such, [a suit against an official sued in his official capacity] is no different from a suit against the State itself."[7] In the context of a lawsuit under 42 U.S.C. § 1983, neither a municipality nor an officer sued in his official capacity may be held liable for the actions of its employees unless it perpetuated a policy, practice, or custom that led to the actions.[8]

---

[2] *See* Docket No. 65 at 5.

[3] *See* Docket No. 92 at 4.

[4] *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

[5] *See* Docket No. 92 at 4.

[6] *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[7] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[8] *See Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978).

However, the Bane Act allows a plaintiff to hold the government accountable based on pure respondeat superior liability,[9] and under California law, "a plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants."[10]  There is no dispute that the officers involved in the incident at issue were the employees of the City of Santa Clara.  Thus, a reasonable jury could hold Chief Kyle, standing in for the City of Santa Clara, responsible for the unnamed officers' violations of the Bane Act, so long as Weaver produces evidence to prove up those violations at trial.  The Bane Act claim therefore may be presented to the jury at trial on Monday.

**IT IS SO ORDERED.**

Dated: June 21, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002).

[10] *Perez v. City of Huntington Park*, 7 Cal.App.4th 817, 820 (Cal.App.2d Dist. 1992).