UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA CLARA DIVISION

| | |
|---|---|
| JAMES WEAVER,<br><br>    Plaintiff,<br> v.<br><br>CHIEF OF POLICE OF THE SANTA CLARA POLICE DEPARTMENT, KEVIN R. KYLE,<br><br>    Defendant. | Case No. 5:12-cv-06334-PSG<br><br>**PROPOSED FINAL<br>JURY INSTRUCTIONS** |

**IT IS SO ORDERED.**

Dated: June 25, 2014

             _____
             PAUL S. GREWAL
             United States Magistrate Judge

### 1. BURDEN OF PROOF- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 2. EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reason given for the opinion, and all the other evidence in the case.

## 3. DEMONSTRATIVE EVIDENCE

During the trial, materials have been shown to you to help explain testimony or other evidence in the case.  Other materials have also been shown to you during the trial, but they have not been admitted into evidence.  You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts.  You may, however, consider the testimony given in connection with those materials.

## 4. TRANSCRIPT OF RECORDING

You have listened to recordings that have been received in evidence.  Bear in mind that the recording is the evidence, not the transcript you may have been shown during trial.  If you heard something different from what appears in the transcript, what you heard is controlling.

### 5.  BANE ACT - ESSENTIAL FACTUAL ELEMENTS (Cal. Civ. Code §52.1)

James Weaver claims that Santa Clara Police Officers violated California's Bane Act by intentionally interfering with his civil rights by threats, intimidation or coercion.  Weaver also claims that Kevin Kyle, in his official capacity as Chief of Police for the City of Santa Clara, is liable for the actions of his subordinate officers.  To establish this claim, Weaver has the burden to prove all of the following:

1.  One or more Santa Clara Police Officers interfered with his right under the United States and/or California constitutions to be free from unreasonable seizure;
2.  The Santa Clara Police Officer(s) used threats, intimidation or coercion to accomplish that interference that is independent from or in excess of the coercion inherent in the unreasonable seizure itself;
3.  Weaver was harmed; and
4.  The Santa Clara Police Officer(s) conduct was a substantial factor in causing Weaver's harm.

To succeed on his Bane Act claim, Weaver must prove by a preponderance of the evidence that the threats, intimidation or coercion used to interfere with his civil rights was

6

Case No. 5:12-cv-06334-PSG
PROPOSED FINAL JURY INSTRUCTIONS

## 6. PARTICULAR FOURTH AMENDMENT RIGHTS – UNREASONABLE SEIZURE OF A PERSON (GENERALLY)

Under the Fourth Amendment to the Constitution, a person has the right to be free from an unreasonable seizure of his person.

In order to prove a violation of this right, the plaintiff must demonstrate that the seizure was intentional. A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Although the plaintiff does not need to prove the officers intended to violate the plaintiff's Fourth Amendment rights, it is not enough to prove that the officers acted negligently, accidentally, or inadvertently in seizing the plaintiff's person.

An officer "seizes" the plaintiff's person when, under all the circumstances, the officer's show of authority or use of physical force would indicate to a reasonable person that he or she was not free to ignore the presence of law enforcement officers and go about his or her business.

In determining whether a reasonable person would have felt free to leave, consider all of the circumstances, including:

- The number of officers present;
- Whether weapons were displayed;
- Whether the encounter occurred in a public or nonpublic setting;
- Whether the officers' manner would imply that compliance would be compelled; and
- Whether the officers advised the plaintiff that he was free to leave.

The seizure of a person may be constitutionally unreasonable in any one of several ways, two of which are at issue in this case: unlawful detention and excessive force.

7

Case No. 5:12-cv-06334-PSG
PROPOSED FINAL JURY INSTRUCTIONS

## 7. PARTICULAR FOURTH AMENDMENT RIGHTS – UNLAWFUL DETENTION

In general, a seizure of a person for an investigatory detention is reasonable if, under all the circumstances known to the officers at the time:

1. The officer(s) had a reasonable suspicion that the person seized was engaged in criminal activity, and

2. The length and scope of the seizure was reasonable.

In order to prove the seizure in this case was unreasonable/an unlawful detention, the plaintiff must prove one of two things by a preponderance of the evidence. Either:

1. The officers lacked reasonable suspicion to detain him.  "Reasonable suspicion" is an objectively reasonable belief based on specific and articulable facts

    or

2. The length and scope of the detention was excessive.

In determining whether the length and scope of the seizure was excessive, consider how the officers restricted the plaintiff's liberty and the officers' reasons for using such methods and for the length of the detention.

## 8. PARTICULAR FOURTH AMENDMENT RIGHTS – EXCESSIVE FORCE

In general, a seizure of a person is reasonable under the Fourth Amendment if police officers use no more force than necessary in making an arrest or detaining a person. In order to prove the seizure in this case was unreasonable because of the level of force used, the plaintiff must prove by a preponderance of the evidence that the officers used excessive force when deploying the police dog.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

- The severity of the crime or other circumstances to which the officers were responding;
- Whether Weaver posed an immediate threat to the safety of the officers or to others;
- Whether Weaver was actively resisting arrest or attempting to evade arrest by flight;
- The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;
- The type and amount of force used; and
- The availability of alternative methods to take Weaver into custody.

9
Case No. 5:12-cv-06334-PSG
PROPOSED FINAL JURY INSTRUCTIONS

## 9. CAUSING HARM: SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

# 10. DAMAGES

## A. PROOF

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Weaver, you must determine his damages. Weaver has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;
- The mental, physical, and/or emotional pain and suffering experienced; and
- The reasonable value of necessary medical care, treatment, and services received to the present time;

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## B. MITIGATION

Weaver has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

1. That Weaver failed to use reasonable efforts to mitigate damages; and
2. The amount by which damages would have been mitigated.

## 11. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 12. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time.  Please understand that I may answer your questions or I may not, based on the rules of evidence and procedure and after consultation with the attorneys.  You may continue your deliberations while waiting for an answer to any question. Remember that you are not to tell anyone - including me -how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## 13. RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.